## Elder v. Offutt.

(Decided April 16, 1914.)

Appeal from Spencer Circuit Court.

Contracts—Construction.—The owner of a half interest in a pair of scales for weighing live stock at a railroad station sold his half interest to the owner of the other half interest, but reserved the right to weigh free any stock from his farms so long as the scales were kept at the railroad station; the contract further provided that should the purchaser refuse to weigh such stock free, the half interest sold should revert to the seller thereof. Held, that the court will not enforce the forfeiture claimed, but will compel performance of the contract by mandatory injunction.

J. W. CRUME, BENEDICT ELDER for appellant.

JOHN S. KELLEY for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

In 1903, A. J. Offutt purchased a pair of scales for the weighing of live stock, located on the right-of-way of the Louisville & Nashville Railroad Company, at Taylorsville, Kentucky. He sold a one-half interest therein to the station agent, who in turn sold said half interest to one Zach Stone

In March, 1907, Offutt sold the remaining half interest to Stone, said sale being evidenced by a writing which reads as follows:

"Transfer of scales to Zach Stone by A. J. Offutt, March 4, 1907, at depot, Taylorsville, Ky. Sale of one-half interest in scales at depot for weighing live stock, which I own, to Zach Stone, for the consideration that I retain a free right to weigh any stock from my farms any time as long as scales are kept at said depot. It matters not whose hands they are in, that transfer must go with the scales indefinitely. A further consideration of sixty dollars, paid cash in hand, which receipt is hereby acknowledged. This said right is subject to my trans-

fer to any other party. The books and all accounts outside any against me, to go to Zach Stone in this transaction. As a forfeit for foregoing transaction, if at any time the weigher at said scales refuses to weigh stock under this contract, the one-half interest in scales reverts back to holder of this free right to weigh.'' This contract was signed and acknowledged by both A. J. Offutt and Zach Stone, and was recorded on the day of its execution, in the office of the clerk of the Spencer County Court.

On July 4, 1908, appellant J. J. Elder purchased the scales from Zach Stone, for one hundred and twenty-five dollars.

On May 24, 1912, A. J. Offutt, alleging that Elder had refused to weigh live stock from his farms, as required under the terms of the Offutt-Stone contract, instituted an action against Elder in the Spencer Circuit Court for damages and to enforce the forfeiture and reversion of a one-half interest in said scales as provided in the said contract. Later, by amended petition filed when the court sustained his motion to transfer the case to the equity docket, he changed his prayer, and asked that the defendant ''be compelled by mandatory injunction to weigh free of charge all live stock from any of plaintiff's farms, and be enjoined from interfering with the right of his plaintiff, or the right of others to whom he may transfer such privilege, to have live stock from this plaintiff's farms weighed upon said scales free of charge.''

Upon a trial of the action, the chancellor adjudged that ''plaintiff, A. J. Offutt, has the right to have any stock from any of his various farms in Spencer County, Kentucky, in which he has an interest, when presented at the scales in Taylorsville, Spencer County, Kentucky, located at the depot of the L. & N. R. R. weighed free of charge. It is further adjudged that the defendant, J. J. Elder, shall, when said stock is so presented at said scales, weigh same free of charge, and he is now hereby ordered and directed to do so, and is permanently enjoined from refusing to do so.'' From that judgment, this appeal is prosecuted.

1. Appellant first contends that he did not assume and is not bound by the Offutt-Stone contract. He admitted in his testimony that at the time he purchased the half interest in the scales from Stone, the latter informed him that Offutt had a free right to weigh thereon, and that the contract was in writing and of record in the office

of the clerk of the county court. He also admitted that under a contract with Stone he had had charge of these scales for a year just prior to his purchase, receiving for his services in attending the scales, one-half of the fees for weighing stock. Offutt testified that appellant weighed stock for him on said scales during that period without charge, which appellant does not deny. It is therefore evident that at the time of his purchase from Stone he had notice of the Offutt-Stone contract and of the exact character of the interest therein sold by Stone to him.

2. But, appellant contends that even though he had notice of the terms of the Offutt-Stone contract, he is not bound thereby for the reason that he did not agree to perform it. Appellant in the transaction could receive nothing more than Stone had to sell; and Stone possessed the scales only subject to the right of free weighing reserved by Offutt in the contract referred to. And, notice of the terms of that contract being admitted by appellant, the assumption of its obligations is necessarily implied by his purchase of the interest of said Stone.

3. It is also contended by appellant that as he bought from Stone by verbal contract, any agreement on his part to weigh free for Offutt is an agreement not to be performed within a year, and therefore unenforceable. But, Offutt's free right to weigh on said scales does not rest upon, nor is this action based upon any agreement between Stone and Elder; it is upon the agreement Stone made with Offutt, which is in writing, and which, by his purchase of said scales with notice thereof, appellant Elder is held to have assumed.

4. Appellant also insists that the contract in question is contrary to public policy because perpetual. A reference to the contract, however, shows that it continues only so long as the scales remain at Taylorsville depot, and in their nature, they cannot remain there perpetually. And, while the contract is somewhat comprehensive in its terms and possible extent of operation, we find nothing in it which is discountenanced by law or contrary to the public good so as to demand its abrogation.

5. Appellant also contends that the evidence failed to show that he refused to weigh free for appellee according to the terms of the contract in question. It is true that the evidence is conflicting on the claim that there was a direct refusal to so weigh, but it is uncontroverted that appellant continually protested and persistently objected to doing so, and under such circumstances, it is

proper that the rights of the parties should be determined by judicial action.

6. Appellee complains that the court should have decreed a forfeiture of the one-half interest in the scales as provided in the contract, but as he has filed no cross-appeal, he is entitled to no relief in that respect.

The language of the judgment leaves something to be desired, but the intent of the chancellor is made reasonably clear, and interpreted fairly and reasonably, its import is not difficult of ascertainment. On the whole, we find no serious fault with the chancellor's conclusions.

The judgment is therefore affirmed.